**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 07 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULE CROWELL, individually and as Personal Representative of the estate of Stephanie Deal; DAVID NELSON, Guardian ad litem on behalf of E.M. on behalf of J.A.; LISA SULLY, as Personal Representative of the estate of Jenny Lynn Borelis; KIMBERLY BUSH, as Personal Representative of the estate of Daniel D. Bush,

Plaintiffs-Appellants,

v.

COWLITZ COUNTY; MARIN FOX HIGHT, in her offiical capacity; JOHN DOES, 1-5,

Defendants-Appellees,

v.

CONMED, INC.,

Third-party-defendant-Appellee.

No. 15-35992

D.C. No. 3:14-cv-05153-BHS

MEMORANDUM[*]

Appeal from the United States District Court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 10, 2018
Seattle, Washington

Before: TASHIMA and GRABER, Circuit Judges, and MIHM,[**] District Judge.

Plaintiffs[1] appeal from the district court's entry of summary judgment in favor of Defendants Cowlitz County and Conmed, Inc.[2]

1. We have jurisdiction over the appeals brought by Plaintiffs Borelis and Bush. Although the Notice of Appeal referred to a judgment that involved only Plaintiff Deal, it is clear that Plaintiffs intended to appeal from the earlier order granting summary judgment to Defendants on the § 1983 claims brought by Deal, Borelis, and Bush. Furthermore, Defendants were not prejudiced by the erroneous designation in the Notice of Appeal. We therefore construe the Notice of Appeal as an appeal of the earlier summary judgment order. United States v. One 1977 Mercedez Benz, 708 F.2d 444, 451 (9th Cir. 1983). Because Deal, Borelis, and

---

[**] The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

[1] Plaintiffs are the personal representatives of the estates of three persons who died while incarcerated in the Cowlitz County Jail. We refer to the deceased persons themselves as "Plaintiffs" for the sake of clarity.

[2] Though we refer to Conmed as a defendant, Conmed intervened in the case brought by Plaintiff Deal and was impleaded by the County in the case brought by Plaintiffs Borelis and Bush.

Bush all were entitled to appeal from that order, the filing of a joint notice of appeal was proper. Fed. R. App. P. 3(b)(1).

2. Reviewing for abuse of discretion, <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1105 (9th Cir. 2001), we conclude that the district court did not abuse its discretion by refusing to exclude Dr. Cummins' reports even though they were disclosed late and the late disclosure was neither substantially justified nor harmless. <u>See</u> Fed. R. Civ. P. 37(c)(1) (providing that a district court may impose a lesser sanction for a failure to disclose). Defendants' remaining discovery and evidentiary challenges were not addressed by the district court, and we decline to address them in the first instance. <u>See</u> <u>Oswalt v. Resolute Indus., Inc.</u>, 642 F.3d 856, 863 n.3 (9th Cir. 2011) ("On remand, the district court may . . . address the sufficiency of [the expert's] qualifications in the first instance.").

3. Reviewing de novo, <u>Mortimer v. Baca</u>, 594 F.3d 714, 721 (9th Cir. 2010), we affirm the district court's grant of summary judgment to Defendants on Plaintiff Bush's § 1983 claim. Bush—who was, at the time of his death, serving out a sentence in the Cowlitz County Jail after having been convicted of a felony—has not pointed to evidence that would allow a reasonable trier of fact to conclude that his death was caused by a policy or custom of Defendants that posed a substantial risk of serious harm to him. <u>Gibson v. County of Washoe</u>, 290 F.3d

1175, 1190 (9th Cir. 2002), overruled in other part by Castro v. County of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017). Nor can Bush point to any individual who was subjectively aware of the seriousness of his condition and whose indifference to that condition can be traced to a policy or custom of Defendants. Id. at 1186.

4. In light of our recent decision in Gordon v. County of Orange, 888 F.3d 1118 (9th Cir. 2018), we vacate the district court's entry of summary judgment in favor of Defendants on the § 1983 claims brought by Plaintiffs Borelis and Deal. Defendants are correct that Gordon changed only the individual liability standard for § 1983 medical-needs claims brought by pretrial detainees. But Gordon still bears on this case because, under its newly-announced standard for individual liability, Borelis and Deal may be able to show that one or more individuals violated their rights by exhibiting "reckless disregard" for their well-being, Gordon, 888 F.3d at 1125, and that those violations are attributable to Defendants. See Gibson, 290 F.3d at 1194 n.19 (noting that a plaintiff need not bring a claim against an individual defendant for that defendant's unconstitutional actions to form the basis of a claim against a municipal entity). We remand to the district court for further proceedings, including a determination as to whether Borelis and Deal should be allowed to conduct additional discovery and/or amend their

4

pleadings in light of <u>Gordon</u>. <u>See</u> <u>Wilcox v. First Interstate Bank of Or., N.A.</u>, 815 F.2d 522, 530 (9th Cir. 1987) ("Changes in the law since the district court's decision prompt us to allow the [plaintiffs] the opportunity to amend on remand.").[3]

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall bear their own costs on appeal.

---

[3] The district court may also want to consider whether to dismiss Marin Fox Hight as a defendant given that the claims against her in her official capacity appear to be duplicative of the claims against the County itself. <u>Melendres v. Arpaio</u>, 784 F.3d 1254, 1260 (9th Cir. 2015).